# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL PIERCE, ) | |
| Plaintiff, ) | |
| v. ) | **Civil Action No.** |
| NICK COLLINS, et al., ) | **18-10843-FDS** |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and will direct that plaintiff file an amended complaint if he wishes to proceed with this matter.

## I.  Factual Background

On April 27, 2018, *pro se* litigant Samuel Pierce commenced this action by filing a complaint and an application to proceed without prepayment of fees and affidavit (also referred to as a motion for leave to proceed *in forma pauperis*). The lawsuit concerns the special election to select a Massachusetts State Senator for the First Suffolk District.

In preparing his pleading, Pierce elected to use a form complaint available from the court. The title of Section III of the form complaint is "Statement of the Claim," which instructs the plaintiff as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights,

> including the dates and places of that involvement or conduct. . . . Attach
> additional pages if needed.

Compl. at 4. Pierce's statement of the claim, in its entirety, is brief:

> My complaint is how the MA Sec. of State has allowed the Gubernatorial
> candidate who was the front runner for the Democratic Party, as well as allow the
> 1st Suffolk State Senate to be used as an heir apparent plan [?] to with hold vital
> resources from the citizens of Massachusetts by not keeping the seat open until
> the September 4, 2018 Primary election.

*Id.* In the section of the complaint entitled "Relief," Pierce asks that "the court issue a stay on the election and allow the natural electoral process of the Commonwealth play out as the founding fathers intended, with a clean, primary election on 9/4/18." *Id.*

In the month after filing the complaint and *in forma pauperis* motion, Pierce filed more than 300 pages of documents, including items captioned as motions for discovery, a motion to be heard, and various exhibits. These documents appear to reflect Pierce's concern about a wide range of issues that extend well beyond the state special election referred to in the original complaint (for example, the safety of children, community cohesion and involvement, civic education, government conduct, public transportation, and signs and flags evoking the Confederate flag). Some of them also contain "legal questions" directed to the court. *See* Dkt. No. 7 at 39-40; Dkt. No. 8 at 4-11.

## II. Discussion

### A. Motion for Leave to Proceed *in Forma Pauperis*

A non-habeas civil action in this court requires a $350 filing fee and a $50 administrative fee (collectively, the "filing fee"). Under federal law, a person may seek leave to proceed without prepayment of filing fee by submitting an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). A plaintiff does not have to be "absolutely

2

destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 355 U.S. 331, 339 (1948). Rather, the litigant must show that he cannot pay the filing fee "and still be able to provide himself and dependents with the necessities of life."

Here, the Court cannot discern whether Pierce is able to pay the filing fee, because his financial affidavit is incomplete. He did not respond or gave insufficient responses to some of the questions. Among other things, in the third question of the form affidavit, the applicant is asked to indicate whether or not he has received any money in the past year from various categories of income, and, if he has, the source and amount thereof. Pierce did not provide any response to that question. He represents that he has an IRA, but did not state the value of the account. Other than representing that he has "less than $1,000" for the year in cash or in a savings or checking account, he did not provide any information as to how he is able to pay for or is otherwise provided with the basic necessities of life, such as housing, transportation, food, medical care, and utilities.

Without such information, the Court cannot determine whether requiring Pierce to pay the filing fee would require him to forego the necessities of life. It will therefore deny Pierce's motion for leave to proceed *in forma pauperis* without prejudice.

### B. Plaintiff Las Hormigas Inc.

Pierce suggests that Las Hormigas Inc. is a plaintiff in this action, even though he did not include this party in the caption of the complaint. *See* Compl. at 3. If Las Hormigas Inc. is a party to this action, it must be represented by an attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 102 (1993); *see* also Local Rule 83.5.5(c) ("A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*."). Further, a corporation cannot proceed *in forma pauperis*. *Rowland*, 506 U.S. at 196.

3

## C. Sufficiency of the Complaint[1]

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting in part *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Here, the complaint falls far short of the requirements of Rule 8(a)(2). The brief statement of the claim in the form complaint does not clearly identify the alleged misconduct of each individual defendant. As far as the Court can discern, Pierce is claiming some sort of impropriety with the state senate special election and insinuating that, rather than a "clean"

---

[1] Because the Court is not granting Pierce's motion for leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B), which allows a court to conduct a preliminary review of the complaint of an indigent litigant, is inapplicable. However, the Court has inherent authority to dismiss any complaint which "upon the face of the pleading present[s] no cause of action recognized by the law." *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985) (quoting *O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904)).

4

election, the seat has been handed to a political "heir apparent." Those allegations do not demonstrate that Pierce is entitled to any relief.

The 300-plus pages of additional documents that Pierce has filed do not cure the problems of the original complaint. It is not the job of the court or the defendants to create the plaintiff's complaint for him by reviewing voluminous documents and attempting to discern his claims. Furthermore, it is not the role of the court to respond to his "legal questions." And the motions for discovery are improper because (1) discovery does not commence before summonses issue and the complaint is served; (2) the scope of permissible discovery is set forth in the Federal Rules of Civil Procedure, and no separate motion for discovery is necessary if the discovery is within those rules and any other parameters set by the court; and (3) requests for discovery are served directly on an opposing party, and motions concerning discovery are only brought before a judge when there is a disagreement between the parties about discovery.

There is another obvious issue concerning the viability of this action, that of standing. Federal courts have jurisdiction under Article III of the U.S. Constitution only if the plaintiff has standing to sue. *See Horne v. Flores*, 557 U.S. 433, 445 (2009). To establish standing under Article III of the U.S. Constitution, a plaintiff "must allege *personal* injury fairly traceable to the defendant[s'] allegedly unlawful conduct and likely to be redressed by the requested relief." *Bingham v. Mass.*, 616 F.3d 1, 5 (1st Cir. 2010) (quoting *Hein v. Freedom from Religion Found., Inc.,* 551 U.S. 587, 598 (2007)) (emphasis added). In other words, plaintiff cannot prosecute claims based on the injuries suffered by others; he may only pursue an action based on "personal" injury, or injury to himself. And such injury must be "[c]oncrete injury, whether actual or threatened," such that it raises a dispute that is "capable of judicial resolution." *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 220-21 (1974). "This

personal stake" enables a litigant to "present to a court a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance." *Id.* at 221. It is not sufficient "that he has merely a general interest common to all members of the public." *Id.* at 220.

Here, it is difficult to discern from Pierce's complaint and other papers the extent to which he is complaining about "a general interest common to all members of the public" or a concrete injury to himself. To state a claim for relief, the complaint must allege specific facts from which the court may reasonably infer that he seeks redress for an actual or threatened concrete injury to himself.

### III. Conclusion

For the foregoing reasons,

1. The motion for leave to proceed *in forma pauperis* is DENIED without prejudice.
2. All other pending motions are DENIED without prejudice.
3. If plaintiff wishes to proceed with this action, he must, within 35 days of the date of this order, comply with the directive set forth below. Failure to do so will result in dismissal of the action.
    a. Plaintiff shall pay the $400 filing fee *or* file a renewed motion for leave to proceed *in forma pauperis* in which he discloses all of his income and assets. The clerk shall provide plaintiff with an Application to Proceed in District Court without Prepaying Fees or Costs. Plaintiff shall complete this form if appropriate, and, as necessary, provide additional information demonstrating how he is pay for or is otherwise provided the necessities of life.

      b.      Plaintiff shall file an amended complaint that cures the pleading deficiencies set forth above. The amended complaint must stand on its own as a complete document without taking into account any of the assertions set forth in the original complaint or other documents that plaintiff has filed. In addition to meeting the requirements of Rule 8(a)(2), the complaint must also comply other provisions of the Federal Rule of Civil Procedure concerning pleading standards. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 10(a) (requiring that claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances"); Fed. R. Civ. P. 20(a)(2)(A) (providing that, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences").

4. Pending the filing of an amended complaint, plaintiff shall not file any other motion or paper with the exception of a motion for additional time to resolve the filing fee or file an amended complaint or similar motion.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: June 4, 2018